UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ELENA STRUJAN,

          Plaintiff,

  - against -

ANDREW CUOMO, et al.,

          Defendants.
-----------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-5418 (RRM) (SMG)

ROSLYNN R. MAUSKOPF, United States District Judge.

On September 26, 2016, *pro se* plaintiff Elena Strujan filed this action against numerous defendants. (Compl. (Doc. No. 1).) By Memorandum and Order dated March 8, 2017, the Court granted Strujan's request to proceed *in forma pauperis* solely for the purpose of the Court's Order and dismissed the complaint in its entirety. (Mem. & Order (Doc. No. 4).) On March 10, 2017, the Clerk of Court entered judgment. (J. (Doc. No. 5).) On March 24, 2017, Strujan timely filed a motion for reconsideration. (Mot. for Recons. (Doc. No. 6).) The motion is denied as set forth below.

**DISCUSSION**

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to alter or amend a judgment within 28 days of the entry of the judgment. Such motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Webb v. City of New York*, No. 08-CV-5145 (CBA),

2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (citations and internal quotation marks omitted). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).

Here, Strujan does not provide the Court with any controlling case law or data that it has overlooked, nor does she introduce new evidence or direct the Court to any clear error. Instead, Strujan summarily alleges that the Court's "order is full of legal errors" without further support. (Mot. for Recons. at 5.[1]) Furthermore, Strujan's allegations and appended documents similarly do not shed light on any law or facts that would alter the Court's Order of dismissal. (Mot. for Recons.)

## CONCLUSION

Accordingly, Strujan's motion for reconsideration is denied. Furthermore, the Court reiterates its warning that Strujan refrain from filing frivolous and duplicative actions.[2] The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
Feb 22 2018

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] For ease of reference, citations to Court documents utilize the Electronic Case Filing system ("ECF") pagination.

[2] Strujan has filed the following cases in this Court: *Strujan v. Davis, et al.*, No. 14-CV-1972 (RRM) (SMG) (filed Mar. 27, 2014); *Strujan v. DeBlasio, et al.*, No. 16-CV-3150 (RRM) (SMG) (filed June 10, 2016); *Strujan v. Fiden & Norris, LLP, et al.*, No. 16-CV-4365 (RRM) (SMG) (filed Aug. 3, 2016); *Strujan v. Glencord Building Corp., et al.*, No. 17-CV-629 (RRM) (filed Feb. 2, 2017); *Strujan v. Office of the New York State Governor, et al.*, No. 17-CV-1566 (RRM) (SMG) (filed Mar. 16, 2017).